**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4386

DAVID J. MERRITT,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CR-97-43)

Submitted: January 18, 2000

Decided: February 11, 2000

Before WIDENER and NIEMEYER, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Charles E. Haden, Hampton, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Michael R. Smythers, Assistant United States
Attorney, Gregory D. Stefan, Assistant United States Attorney, Nor-
folk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

On July 2, 1997, a grand jury returned a seventy-seven count indictment against David J. Merritt charging him with various counts of mail fraud, perjury, making false declarations, making false statements, and fraudulent transfer. At the conclusion of the Government's case, the Government agreed to the dismissal of one count for lack of evidence. The jury returned a verdict of guilty as to the remaining seventy-six counts on December 9, 1997.

On March 5, 1998, the Government filed a pleading setting forth its position with respect to sentencing factors. The pleading stated that "[t]he United States does not object to the presentence report, as amended." The presentence report ("PSR") to which the United States referred calculated the guideline range at 63-78 months imprisonment. On March 9, the probation officer amended the PSR on new information and recommended a range of 97-121 months.

On March 10, Merritt waived venue and pled guilty to a six-count criminal information charging bank and mail fraud relating to conduct in Florida. As part of the plea agreement, Merritt "waive[d] the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined) . . . for the sentence arising from this plea agreement and the sentence arising from case number 4:97cr43 [the jury trial], which resulted in a jury conviction of 76 counts." During Merritt's Fed. R. Crim. P. 11 colloquy, he stated that he understood that he was waiving any right to appeal his sentence.

On March 25, the Government filed a motion for an upward departure. At the April 29 sentencing hearing, the district court granted the upward departure and sentenced Merritt to 140 months imprisonment. Merritt timely appealed.

2

On appeal, Merritt raises three issues concerning his trial-- insufficient indictment, improper denial of motion to sever, and improper admission of privileged evidence--as well as two sentencing issues: (1) improper enhancement of his sentence under U.S. Sentencing Guidelines Manual § 2F1.1(b)(7)(B) (1998), because the financial institution involved was only affected to a minimal degree; and (2) error in departing upward. The Government contends that Merritt waived the right to raise all claims in his plea agreement. Merritt asserts (1) at a minimum, he is entitled to raise non-sentencing claims; and (2) his plea was involuntary because the Government never indicated it was considering moving for an upward departure and his attorney failed to warn him of this possibility.

A defendant may waive the right to appeal if that waiver results from a knowing and intelligent decision to forgo the right to appeal. See United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). In determining whether a waiver is knowing and intelligent, this court examines the particular facts and circumstances of the case, including the background, experience, and conduct of the defendant. See id.

We find that the record sufficiently shows that Merritt's plea waiver was knowingly and intelligently made. Merritt, represented by counsel, signed a written plea agreement that expressly waived the right to contest his sentence so long as it was within the statutory maximum. The sentence imposed did not exceed the statutory maximum, and his only argument against application of the waiver is that his plea was not knowingly made because he was under the impression that he would be sentenced under the guideline range outlined in the most recent PSR. However, the plea agreement specifically stated that Merritt waived the right to challenge any sentence imposed by the district court within the statutory maximum, including the manner in which the sentence is imposed. The agreement also provided that no one made any promises to Merritt about the sentence he would receive, that the court was not bound by the recommendations of counsel or the probation officer, and that Merritt could not withdraw his plea based on the actual sentence. Thus, we find that Merritt's waiver was valid.*

_____

*To the extent Merritt challenges the effectiveness of his counsel during plea negotiations, this claim is not properly raised on direct appeal

3

However, Merritt's waiver should not be extended past sentencing issues. Merritt did not expressly waive the right to appeal non-sentencing issues arising out of the jury verdict in either his plea agreement or the plea hearing. Thus, while Merritt waived his right to contest the enhancement to his sentence and the upward departure granted by the district court, he is entitled to have his remaining claims considered on the merits.

Merritt first claims that his indictment was insufficient. Counts 1 through 48 alleged an unlawful use of the U.S. mails to further a scheme to "defraud persons solicited and contracted to perform repairs and renovations and to provide supplies, materials and services . . . and for obtaining money and property from said persons by means of false and fraudulent pretenses, representations and promises." Each count charged that Merritt "planned to declare bankruptcy against his debts . . . thereby fraudulently using the protection of the Bankruptcy Court to avoid paying his creditors," and that "by declaring bankruptcy [Merritt] intended to keep the old post office property and operate his restaurant and publishing businesses in disregard of his lawful debts." All of the counts were identical in their allegations, except that each count named a different creditor to whom the Notice of Bankruptcy had been sent.

Merritt contends that the mailings that form the basis for the counts were not "in furtherance" of the scheme to defraud, as required by 18 U.S.C. § 1341 (1994), because the scheme had already reached fruition at the time of the mailings. Specifically, Merritt maintains that once he procured the goods and services with no intent to pay, the fraud was consummated, and the bankruptcy notices were, therefore, merely incidental and did nothing to induce creditors to provide materials or services.

The elements of mail fraud are (1) a scheme or artifice to defraud and (2) use of the mails for (3) the purpose of executing the scheme.

_____

unless the record discloses conclusively that defense counsel was ineffective. See United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992). Because the record does not show that Merritt was denied effective assistance of counsel, we will not address his ineffective assistance claim.

4

See United States v. Brewer, 528 F.2d 492, 494-95 (4th Cir. 1975). The issue then is whether the indictment properly alleged that the mailings were "for the purpose of executing the scheme." We find that it did. The indictment charged that Merritt induced contractors and suppliers to provide him items of value on credit with the intention to file for bankruptcy. Therefore, the filing of the bankruptcy case was integral to Merritt's scheme. Without the protection of the bankruptcy action, Merritt would have been vulnerable to liens, judgments, repossessions, and other collection actions. By filing bankruptcy, Merritt caused the notices to be mailed to each of his creditors advising them of the legal effects of bankruptcy and serving to stop any collection efforts. Thus, the indictment properly alleges that the mailings were in furtherance of the scheme, and the district court correctly denied Merritt's motion to dismiss. See Schmuck v. United States, 489 U.S. 705, 710-11 (1989) (use of mails need only be incidental to an essential part of scheme); United States v. Brutzman, 731 F.2d 1449, 1454 (9th Cir. 1984) (holding that letters mailed after the defrauder received money may be in furtherance of fraudulent scheme).

We have carefully reviewed Merritt's remaining two claims--that the district court erred in failing to sever certain counts and in admitting privileged evidence--and find them to be without merit based on the reasoning of the district court. See J.A. at 216-22, 394-99. Based on the foregoing, we dismiss Merritt's sentencing claims and affirm his convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

DISMISSED IN PART; AFFIRMED IN PART

5